**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

BRYAN LAWSON JONES,

      Plaintiff,

      v.

WARDEN JAMES C. SPANN, et al.,

      Defendants.

CIVIL ACTION NO.: 5:25-cv-129

**O R D E R**

Plaintiff filed a Motion to Compel.  Doc. 25.  He also filed a Motion for Reconsideration of the Court's Order denying his motion to appoint counsel.  Doc. 26 (referring to Doc. 22). Lastly, he filed a Motion for an Order for an Investigation.  Doc. 36.  I **DENY** each of Plaintiff's Motions.

**I.    Plaintiff's Motion to Compel**

Plaintiff filed a Motion "to Compel Defendants to Comply with Court Order [doc. 14] to Furnish Certified Inmate Account Summary."  Doc. 25 at 1.  Plaintiff refers to the Court's Order authorizing him to proceed *in forma pauperis*.  In that Order, the Court required him to provide a prisoner trust fund account statement.  Plaintiff has since provided the statement.  Doc. 34.  I, therefore, **DENY as moot** Plaintiff's Motion to Compel.  Doc. 25.

**II.    Plaintiff's Motion for Reconsideration**

Plaintiff filed a Motion for Reconsideration, asking the Court to reconsider its Order denying his motion to appoint counsel.  Doc. 26.  Plaintiff argues that this case is factually complex because it concerns medical treatment.  Id. at 3.  He argues he cannot properly

investigate his claim because he is incarcerated in segregated housing.  Id.  He also argues that conflicting testimony, his inability to present his claim, the legal complexity of the case, and the case's merits all militate in favor of reconsideration.  Id. at 3–6.

An order on a motion to appoint counsel is interlocutory and is therefore governed by Federal Rule of Civil Procedure 54(b).  Under that Rule, the Court has "discretion to reconsider interlocutory orders at any time before final judgment."  Banks v. McIntosh County, Civ. Action No. 2:16-cv-53, 2021 WL 3173597, at *2 (S.D. Ga. July 26, 2021) (citation omitted).  Courts generally only grant such motions "if there is (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or prevent manifest injustice."  Id. (citation and marks omitted).  Reconsideration is "an extraordinary remedy to be employed sparingly."  Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002).  "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based."  Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072 (M.D. Fla. 1993).

Plaintiff does not argue that controlling law has changed or that he has newly discovered evidence.  And he has not shown or alleged any clear error in the Court's prior Order.  In large part, he simply restates the same bases for appointed counsel that he argued in his original motion.  But "[a] motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented before the original decision."  Banks, 2021 WL 3173597, at *2 (citation and marks omitted).  Plaintiff has not shown any reason why the Court should employ the

2

extraordinary remedy of reconsideration.  As a result, I **DENY** his Motion for Reconsideration. Doc. 26.

**III.    Plaintiff's Motion for an Investigation**

Plaintiff also filed a Motion "for a GBI and FBI investigation into Plaintiff's injury or death."  Doc. 36 at 1.  The Federal Bureau of Investigation is an agency of the executive branch and, under the doctrine of separation of powers, the Court has no authority to order it to pursue an investigation.  Further, "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another."  Otero v. U.S. Att'y Gen., 832 F.2d 141, 141 (11th Cir. 1987).  Even if the Constitution did not bar the Court from ordering an FBI investigation, Plaintiff would have no standing to request one.  Federalism concerns also prevent the Court from ordering the Georgia Bureau of Investigation to act, as it is an arm of the executive branch of a separate sovereign.  Because Plaintiff asks for relief the Court has no power to grant, I **DENY** Plaintiff's Motion for an Investigation.  Doc. 36.

**SO ORDERED**, this 18th day of June, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA