**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

BRYAN LAWSON JONES,

      Plaintiff,

    v.

WARDEN JAMES C. SPANN, et al.,

      Defendants.

CIVIL ACTION NO.: 5:25-cv-129

## REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 8. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendant Georgia Department of Corrections. However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court will direct service of the following claims by separate Order: Plaintiff's claims against Defendants Spann, Jones, Whitfield, and John or Jane Does. Plaintiff also filed a Motion for preliminary injunctive relief. Docs. 24, 29.[1] I **RECOMMEND** the Court **DENY** Plaintiff's Motion.

---

[1]     Plaintiff filed Document Number 24 as an untitled Motion seeking injunctive relief. He filed Document Number 29 as a declaration and memorandum in support of his arguments for injunctive relief and for a temporary restraining order. I construe Document Number 29 as a brief in support of Document Number 24.

**PLAINTIFF'S CLAIMS**[2]

Plaintiff was incarcerated at Ware State Prison in Ware County, Georgia, when the events giving rise to his Complaint occurred.  Doc. 8. at 6.  Plaintiff alleges that he has a serious spinal condition that requires injections.  He alleges further that Defendants are aware he requires these injections but refuse to administer them.  As a result, he experiences "severe, chronic pain, worsening of [his] spinal condition, neuropathy, limited mobility, and risk of permanent spinal and other nerve damage[.]" Id. at 5.  Plaintiff alleges that, as a result, Defendants were deliberately indifferent to a serious medical need, in violation of the Eighth Amendment.  Id. Plaintiff requests monetary damages, declarative relief, and injunctive relief.  Id.

**STANDARD OF REVIEW**

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

---

[2]     All allegations set forth here are taken from Plaintiff's Amended Complaint.  Doc. 8.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

2

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

**DISCUSSION**

I.      **28 U.S.C. § 1915(g)**

A prisoner seeking to proceed *in forma pauperis* in a civil action against officers or employees of government entities must comply with 28 U.S.C. § 1915 of the Prison Litigation Reform Act of 1995 ("PLRA"). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g). Section 1915(g) "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), abrogated on other grounds by Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit Court of Appeals upheld the constitutionality of § 1915(g) in Rivera v. Allin, concluding that § 1915(g) does not violate the doctrine of separation of powers, nor does it violate an inmate's rights to access to the courts, to due process of law, or to equal protection. Rivera, 144 F.3d at 723–28.

A review of Plaintiff's history of filings reveals he has brought at least three civil actions that were dismissed and constitute strikes under § 1915(g):

(1) Jones v. Brown, No. 1:21-cv-32, ECF Nos. 8, 11 (N.D. Ga. Mar. 17, 2022) (dismissed as frivolous);

(2) Jones v. Shuler, No. 1:19-cv-2078, ECF Nos. 3, 5 (N.D. Ga. July 17, 2019) (dismissed for failure to state a claim); and

(3) Jones v. DeKalb County, No. 1:18-cv-3874, ECF Nos. 8, 10 (N.D. Ga. Sep. 5, 2019) (dismissed for failure to state a claim).

Additionally, this Court has identified Plaintiff as a three-striker in Jones v. Shropshire, No. 3:23-cv-51, ECF Nos. 7, 9 (S.D. Ga. July 31, 2023). In his Amended Complaint, Plaintiff also acknowledges his status, nevertheless asking the Court "to make an exception due to his serious medical condition and the worsening irreparable damage as a result if the Court doesn't intervene." Doc. 8 at 8.

Consequently, Plaintiff cannot proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g). "[A] prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g) . . . ." Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004); see also Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding plaintiff failed to qualify under imminent danger exception because complaint could not be construed as "constituting an allegation that he was in imminent danger of serious physical injury at the time he filed his [c]omplaint or that he was in jeopardy of any ongoing danger").

Plaintiff has sufficiently alleged imminent danger of serious physical injury. His allegations of harm are both ongoing and prospective. He alleges that he suffers from a serious spinal condition that is actively deteriorating because prison officials will not administer medication that a doctor prescribed to him. Doc. 8 at 4–5. Plaintiff alleges that he "now

4

experiences daily suffering that is medically preventable[,]" including "severe, chronic pain, worsening of [my] spinal condition, neuropathy, limited mobility, and risk of permanent spinal and other nerve damages." Id. at 5.  Therefore, while Plaintiff qualifies as a "three striker," he may proceed because he has alleged facts demonstrating imminent danger.

## II.   Plaintiff's Claims Against Entity Defendants

Plaintiff names the Georgia Department of Corrections ("GDC") as a Defendant.  Doc. 8 at 1.  GDC is an entity.  However, to state a claim for relief under § 1983, a plaintiff must allege "a person acting under color of state law" committed the act or omission in dispute.  Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995); see also Strange v. JPay Corp., No. 19-15154, 2020 WL 3547931, at *2 (11th Cir. June 9, 2020).

While local governments qualify as "persons" under § 1983, state agencies are generally not considered legal entities subject to suit.  See Nichols v. Ala. State Bar, 815 F.3d 726, 731(11th Cir. 2016) (noting the Eleventh Amendment bars § 1983 suits against state agencies) (citing Papasan v. Allain, 478 U.S. 265, 276 (1986)); Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989) (finding that the Eleventh Amendment barred a § 1983 against the Georgia Department of Corrections, a state agency).

Because the GDC is a state agency, it is not a "person" subject to suit under § 1983. Hale, 50 F.3d at 1582.  For this reason, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against the GDC.

## III.   Plaintiff's Motion for Injunctive Relief

Plaintiff filed a Motion for Injunctive relief, asking the Court to order Defendants to: stop harassing him; arrange for spinal injections; arrange for aneurysm treatment; provide him with clothes; provide him with envelopes; provide him with his mail; grant access to law library

resources; provide access to phone calls; and provide an inmate account summary.  Doc. 24.

Plaintiff alleges that Defendants engaged in a series of measures to retaliate against him

(presumably for filing this lawsuit).  Doc. 29 at 1–3.

The Court may only issue a preliminary injunction "on notice to the adverse party."  Fed.

R. Civ. P. 65(a)(1).  And for a temporary restraining order, the Court may issue one without

notice to the adverse party, but only if: "(A) specific facts in an affidavit or a verified complaint

clearly show that immediate and irreparable injury, loss, or damage will result to the movant

before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in

writing any efforts made to give notice and the reasons why it should not be required."  Fed. R.

Civ. P. 65(b)(1).  Further, a movant bears the burden of proving four necessary elements for

temporary restraining or preliminary injunctive relief: (1) a substantial likelihood of success on

the merits; (2) the relief is necessary to prevent irreparable injury; (3) the threatened injury

outweighs the harm the relief would cause the other litigant; and (4) the relief would not be

averse to the public interest.  Chavez v. Fla. SP Warden, 742 F.3d 1267, 1271 (11th Cir. 2014);

Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225 (11th Cir. 2005).  In this Circuit, an

"injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly

established the 'burden of persuasion' as to the four requisites."  Horton v. City of Augustine,

272 F.3d 1318, 1326 (11th Cir. 2001); McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306

(11th Cir. 1998) (quotation omitted).

Plaintiff's request for a restraining order does not satisfy Rule 65 or the four necessary

elements.  Much of the relief he requests would not clearly be necessary before any adverse party

could be heard (for example, "that my mail not be handled by GDC prisoners.").  Doc. 29 at 1.

His allegations for relief from "all retaliations" are too vague for the Court to act on in a

prospective manner.  Id.  Plaintiff's contentions about law library access do not merit prospective relief, either.  While prisoners have a constitutional right of access to the courts, this right is not unlimited, and courts in the Eleventh Circuit accord "'wide ranging' and 'substantial' deference to prisoner administrators in their execution of policies and practices that they consider necessary to preserve internal order and discipline and to maintain institutional security."  Al-Amin v. Smith, 511 F.3d 1317, 1328 (11th Cir. 2008) (citations omitted).  At this stage, it is not evident that Plaintiff's concerns about law library access rise to denial of access to the courts.  And while I have determined that Plaintiff's medical claims survive frivolity review, he has not clearly shown that those claims are so serious as to merit relief without giving Defendants the opportunity to be heard in opposition.

## CONCLUSION

For the foregoing reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendant Georgia Department of Corrections.  However, I **FIND** that some of Plaintiff's claims may proceed.  Specifically, the Court will direct service of the following claims by separate Order: Plaintiff's claims against Defendants Spann, Jones, Whitfield, and John or Jane Does.  I also **RECOMMEND** the Court **DENY** Plaintiff's Motion for preliminary injunctive relief.  Docs. 24, 29.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to

7

challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 29th day of June, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA