# In the United States District Court for the Southern District of Georgia Waycross Division

| | |
|---|---|
| BRYAN LAWSON JONES,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN JAMES C. SPANN, et al.,<br><br>Defendants. | 5:25-cv-129 |

## ORDER

Plaintiff filed late Objections to the Magistrate Judge's Report and Recommendation.[1] Dkt. No. 44. Plaintiff states that he was transferred to a different facility, which delayed his receipt of the Magistrate Judge's Report and Recommendation. Id. at 1. Construing his statement as a Motion for Leave to File Late Objections, the Court **GRANTS** Plaintiff's Motion and considers his Objections to the Report and Recommendation. However, after an independent and de novo review of the entire record, the Court **OVERRULES** Plaintiff's Objections. Plaintiff's requests for preliminary injunctive relief remain denied, and Plaintiff's claim against the Georgia Department of Corrections remains denied, but

[1] In his Objections, Plaintiff also requests that the Court order Defendants to identify John and Jane Doe Defendants and that he be granted leave to amend his Complaint. Dkt. No. 44 at 4-6. The Court has addressed these requests by separate Order. Dkt. No. 45.

Plaintiff's claims for declaratory, injunctive, and monetary relief against individual Defendants remain pending.

Plaintiff filed this action, bringing deliberate indifference claims under 42 U.S.C. § 1983. Plaintiff alleges in his Amended Complaint that he has a serious spinal condition and that Defendants refuse to provide him adequate treatment. Dkt. No. 8 at 6. Plaintiff names as Defendants Jerome Spann, Lutria Jones, Jane Doe Whitfield, John and Jane Does, and the Georgia Department of Corrections. Id. at 1. Plaintiff also filed a Motion for Preliminary Injunctive Relief. Dkt. Nos. 24, 29.

The Magistrate Judge recommended dismissal of Plaintiff's claim against the Georgia Department of Corrections because it is an entity, while § 1983 applies only to persons. Dkt. No. 39 at 5. The Magistrate Judge also recommended denial of Plaintiff's Motion for Preliminary Injunctive Relief, concluding that none of his contentions rise to the level that would merit such an extraordinary remedy. Id. at 6–7.

Plaintiff objects, arguing that he never intended to sue the Georgia Department of Corrections. Dkt. No. 44 at 2. Plaintiff also argues that the Magistrate Judge erred in recommending denial of his injunctive relief motions. Id. at 3. Plaintiff argues that his treatment continues to be withheld, which "increases the likelihood of permanent neurological injury." Id. Plaintiff also makes new allegations, in support of injunctive relief, that prison

officials have retaliated against him "because Plaintiff exercised his constitutional right to petition the Court." Id.

Plaintiff clearly identifies "Georgia Department of Corrections" as a Defendant in the caption of his Amended Complaint. Dkt. No. 8 at 1. The Magistrate Judge correctly recommended dismissal of Plaintiff's claim against this entity Defendant. But even if Plaintiff had not identified the Department of Corrections as a Defendant, as he contends, the result would be no different: the Georgia Department of Corrections should not be a Defendant in this case. The Magistrate Judge committed no error in determining the same.

As for injunctive relief, the Magistrate Judge concluded that Plaintiff's contentions do not satisfy the requirements of Federal Rule of Civil Procedure 65 or prove the four elements necessary to merit a temporary restraining order ("TRO"). Dkt. No. 39 at 6 (citing Fed. R. Civ. P. 65; and then citing Chavez v. Fla. SP Warden, 742 F.3d 1267, 1271 (11th Cir. 2014)). The Magistrate Judge addressed Plaintiff's medical circumstances, determining that Plaintiff "has not clearly shown that [his medical] claims are so serious as to merit relief without giving Defendants the opportunity to be heard in opposition." Id. at 7.

In his Objections, Plaintiff argues that he should receive injunctive relief because he "continues to be denied prescribed spinal treatment," which is substantially the same argument that

the Magistrate Judge rejects. Dkt. No. 44 at 3. I concur with the Magistrate Judge's analysis and find that Plaintiff's medical claims do not merit relief prior to any Defendant even appearing in the case.

Plaintiff also argues that immediate injunctive relief is appropriate due to "continuing retaliation" he claims he has experienced since filing the Complaint. Id. at 4. Unsubstantiated claims in objections to a Report and Recommendation are not sufficient to merit a TRO, as they do not meet the basic requirements of Rule 65. See Fed. R. Civ. P. 65(b)(1)(A) (requiring an affidavit or a verified complaint clearly showing immediate and irreparable injury, loss, or damage). I continue to concur with the Magistrate Judge's recommendation that the Court deny Plaintiff's Motion.

After an independent and de novo review of the entire record, the Court **OVERRULES** Plaintiff's Objections. The Court's July 23, 2026 Order remains the Order of this Court. Dkt. No. 43.

**SO ORDERED**, this 17 day of August, 2026.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA